## Don W. Dickinson, Inc. v. Moore

*Stewart C. Crawford*, for plaintiff.
*Robert F. Adams*, for defendants.

deFURIA, J., June 5, 1974.—Plaintiff, licensed real estate broker with offices in Delaware County, sued defendants for sales commission. Defendants preliminarily object, alleging that venue lies in Chester County, where the sellers reside and the property is situate.

The agency agreement between broker and sellers was executed in Chester County, as was the contract of sale for the real estate between sellers and buyer. The buyer resided in Delaware County.

The plaintiff-broker negotiated with the buyer in Delaware County, and had many discussions with the husband-seller by telephone in Delaware County, where husband-seller had his office.

The settlement between buyer and sellers was in Chester County.

Defendants claim that payment was due to broker at the settlement, and, therefore, the cause of action arose in Chester County. We disagree. Brokers make it a practice to obtain payment at the settlement, for obvious practical reasons. However, once settlement is held, an obligation to pay arises , but the broker has no right to be paid from or at the settlement.

Since the broker had an office in Delaware County, the seller had a duty to pay broker at its office in Delaware County, once settlement was completed. The fail-

ure to pay plaintiff in Delaware County gave rise to a cause of action. See Kassab v. Richard Wilke, et al., no. 6533 of 1973, opinion of this court filed February 14, 1974.

In addition, many "transactions" and "occurrences" took place in Delaware County between the parties and between the broker and the buyer. Therefore, under Pennsylvania Rule of Civil Procedure 1006, venue properly lies in Delaware County.

## ORDER

And now, June 5, 1974, defendants' preliminary objections are overruled and dismissed.